# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JOHN WILLIAMS JR.,**
**Claimant Below, Petitioner**

**FILED**

**February 3, 2017**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)    No. 16-0177** (BOR Appeal No. 2050510)
(Claim No. 2013024601)

**ARCELORMITTAL USA XMB PRINCETON DIVISION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John Williams Jr., by Jerome J. McFadden, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. ArcelorMittal USA XMB Princeton Division, by Michael A. Kawash, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 26, 2016, in which the Board affirmed a May 5, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 5, 2013, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Williams, a roof bolter at a coal mine, alleges an injury to his back occurred on March 6, 2013. Mr. Williams testified in a hearing before the Office of Judges that he notified both his supervisor and his co-workers of the injury immediately. Mr. Williams sought medical attention on March 8, 2013, from Abed Koja, M.D. Dr. Koja had been treating Mr. Williams for low back pain for quite some time. His impression was a herniated lumbar disc at L5-S1. He noted that the condition remained unchanged.

1

Mr. Williams underwent an independent medical evaluation with Paul Bachwitt, M.D., on May 17, 2013. Dr. Bachwitt reviewed Mr. Williams's medical records, which revealed that he had been diagnosed with a disc protrusion at L5-S1 and a disc bulge at L4-L5 in 2012, prior to the alleged injury. Upon evaluating Mr. Williams, Dr. Bachwitt doubted the occurrence of a work-related injury. He based this determination on the fact that no paperwork substantiated the claim. Further, Mr. Williams had been suffering from back issues for quite some time. Dr. Bachwitt diagnosed Mr. Williams with multilevel degenerative disc disease and commented that it would have taken years to occur. Based on this evaluation, the claims administrator issued a June 5, 2013, decision rejecting the claim.

The Office of Judges affirmed the claims administrator's decision on May 5, 2015. The Office of Judges determined that Mr. Williams failed to introduce enough credible evidence to support his position. Mr. Williams stated that there were witnesses to the injury but did not supply any evidence proving such. Additionally, the application for worker's compensation benefits was filled out by Mr. Williams and dated almost three months after the claims administrator rejected the claim. The physician's portion was unsigned. Medical records showed that Mr. Williams had a disc protrusion and disc bulge prior to the injury. Further, Dr. Koja stated the condition remained unchanged only two days after the alleged injury. Finally, Dr. Bachwitt determined no injury had occurred because the condition would have taken years to occur. The Office of Judges found that Mr. Williams did not introduce credible evidence in support of his claim and failed to establish he sustained a work-related injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 26, 2016.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Williams has failed to submit sufficient evidence to show that he suffered a work-related injury. Mr. Williams had significant issues with his lower back prior to the alleged injury and, Dr. Koja noted that his condition remained unchanged. Dr. Bachwitt noted that this condition would have taken years to occur. There is not enough evidence to show an injury occurred.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum